1  SHOOK, HARDY & BACON L.L.P.
   Robert E. Feyder (SBN 130688)
2  rfeyder@shb.com
   2049 Century Park East, Suite 3000
3  Los Angeles, CA 90067
   Tel.: 424.285.8330
4  Fax: 424.204.9093

5  Rick Shearer (*pro hac vice pending*)
   rshearer@shb.com
6  2555 Grand Blvd.
   Kansas City, MO
7  Tel.: 816.474.6500
   Fax: 816.421.5547
8

9  Attorneys for Plaintiff
   LEXISNEXIS
10

11                UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
12                      WESTERN DIVISION
13

14 | LEXISNEXIS, a division of RELX,          | Case No. 5:21-cv-00259
15 | INC., a Massachusetts corporation,        |
   |                                           | **PLAINTIFF LEXISNEXIS'**
16 |            Plaintiff,                     | **COMPLAINT FOR:**
   |                                           |
17 |      v.                                   | 1. **BREACH OF CONTRACT**
   |                                           | 2. **UNJUST ENRICHMENT**
18 | CHUGH, LLP, a California limited          | 3. **REASONABLE VALUE OF**
   | liability partnership,                    |    **SERVICES RENDERED**
19 |                                           |
   |            Defendant.                     | **DEMAND FOR JURY TRIAL**
20

21
22
23
24
25
26
27
28

COMPLAINT

Plaintiff LEXISNEXIS, a division of RELX, INC. ("LexisNexis"), for its Complaint against Defendant CHUGH, LLP ("Chugh"), alleges as follows:

## THE PARTIES

1. LexisNexis maintains its principal places of business in New York, New York and Miamisburg, Ohio. LexisNexis is a division of RELX, Inc., a corporation that serves several key markets: Legal, Scientific, Medical, Risk, and Exhibitions. RELX, Inc. is a Massachusetts corporation.

2. Chugh is a law firm organized as a California limited liability partnership. Chugh's principal place of business and address for service of process is located at 15925 Carmenita Road, Cerritos, California 90703. Navneet S. Chugh, attorney and CPA, is the principal, general, and managing partner of Chugh, and he is also located at the firm's Cerritos, California location. No partner of Chugh is a citizen of Massachusetts. Chugh is therefore a citizen of California. Chugh is a full-service law firm that has been in business since 1992 and specializes in the practice areas of Immigration, Corporate law, Taxation, Litigation, Employment, and Mergers and Acquisitions in the legal field, and also providing accounting, bookkeeping and tax return filing services. Chugh has previously reported maintaining a staff of 300 people, including 125 Attorneys and Certified Public Accounts/Chartered Accountants.

## JURISDICTION AND VENUE

3. LexisNexis hereby incorporates each and every allegation of Paragraphs 1-2 of this Complaint as though fully set forth herein.

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and is between a citizen of California and a citizen of Massachusetts/New York.

5. This Court has personal jurisdiction over Chugh both because its principal place of business is located within the district and the Parties' LexisNexis Agreement for Lexis Advance® and/or Lexis® Practice Advisor for Law Firms was

entered into in this district on December 31, 2018, by attorney Sherwood Tung on behalf of Chugh. Per Chugh's instruction, invoices from LexisNexis pursuant to the Agreement were delivered to Kathryn Uy via e-mail (kathryn@chugh.com) on behalf of Chugh. The claims against Chugh also arise from conduct by Chugh that, upon information and belief, occurred within the district.

6. This Court is the appropriate venue under 28 U.S.C. § 1391(b) and (c). On information and belief, Chugh's headquarters is located in this district, and a substantial part of the events and injuries giving rise to the claims set forth herein occurred in this district. On information and belief, Chugh also provides its services within this district.

**STATEMENT OF FACTS AND ALLEGATIONS**

7. LexisNexis hereby incorporates each and every allegation of Paragraphs 1-6 of this Complaint as though fully set forth herein.

8. On or about December 31, 2018 Chugh contracted with LexisNexis by entering into an Agreement for Lexis Advance® and/or Lexis® Practice Advisor for Law Firms, which consisted of the Subscription Agreement and the Lexis Advance Content and Features as delineated therein (the "Agreement"). A true and correct copy of the Agreement is fully incorporated herein by reference.[1]

9. The parties' Agreement granted Chugh a non-exclusive, non-transferrable limited license to access and use Lexis Advance® and its materials pursuant to the terms set forth in the LexisNexis General Terms and Conditions and the pricing set forth in the Pricing Schedule.[2]

10. The Agreement's stated term provides the Agreement will begin on June 1, 2019 and will continue for a non-cancelable period until August 31, 2023.[3] The

---

[1] Due to the confidential nature of its terms, Plaintiff will produce a true and accurate copy of the Agreement which is referenced herein after entry of a Protective Order. (*See* Compl. ¶¶ 9-12, 15-18, 20, 24, 28, 33, 40.)
[2] *See* Agr., ¶ 1.
[3] *See* Agr., ¶ 2.

Agreement expressly states that "[Chugh] may not terminate this Agreement under Section 5.2 of the General Terms [and Conditions] during the Term."[4]

11. Chugh agreed to pay to LexisNexis the sum total of all "Monthly Installments" for access to the Lexis Advance Content & Features set forth in the Agreement. Conditioned upon timely payments, Chugh could pay the Lexis Advance Subscription Content charges in monthly installments.[5]

12. Additionally, the Parties' Agreement provided that in exchange for Chugh's monthly commitment to pay the amount set forth below to LexisNexis, Chugh would receive access to and use of the Lexis Practice Advisor Modules. Chugh selected its Lexis Practice Advisor Content at agreed monthly installments.[6]

13. The Parties' Agreement also provided that in exchange for Chugh's monthly commitment to pay a monthly charge to LexisNexis, Chugh would be provided with the Lexis for Microsoft Office features and content at the following agreed monthly installments.[7]

14. LexisNexis submitted invoices for subscription services provided to Chugh pursuant to the Agreement in order to secure payment for the services provided.

15. Chugh failed to pay LexisNexis for services provided, defaulting on its contractual obligations under the Agreement.

16. Paragraph 7.6 of the Agreement specifically provides:

> If any charge not the subject of a legitimate dispute should remain unpaid for more than 75 days after becoming due LN reserves the right to require each remaining unpaid Monthly Installment for the Committed Term to become immediately due and payable to LN. LN

---

[4] *Id.*
[5] *See* Agr., ¶ LA 3.3.
[6] *See* Agr., ¶ LPA 3.1.
[7] *See* Agr., ¶ LPA 4.1.

>>may temporarily suspend access to the Services until all unpaid amounts are paid in full. No claims directly or indirectly related to this Agreement with respect to amounts billed or payments made under this Agreement may be initiated by Subscriber more than 3 months after such amounts were first billed to Subscriber.

17. Also on December 31, 2018, attorney Sherwood Tung entered into a Transition Bridge Addendum on behalf of Chugh, such Transition Bridge Addendum to remain coterminous with the Agreement (the "Bridge Addendum"). A true and accurate copy of the Bridge Addendum is fully incorporated herein by reference.

18. The Agreement establishes a committed term for use of Online Services in exchange for a discounted monthly commitment offered to Chugh. The Bridge Addendum entered into by Chugh specifically states that as consideration for and in exchange of the extraordinary pricing being provided by LexisNexis, Chugh expressly agrees that the Agreement will not be subject to termination during the Addendum period under any circumstances whatsoever, with the exception of two circumstances inapplicable to Chugh.[8] Section 2(c) of the Bridge Addendum specifically provides that if [Chugh] "materially breaches the Agreement or Addendum during the Addendum period and does not cure the breach as required by the Agreement, [Chugh] agrees to pay [LexisNexis], in addition to the damages stated in the Agreement, an amount equal to the difference between the aggregate amount of the charges applicable to [Chugh's] use of the Online Services (as well as any additional services provided, if applicable) during the Addendum period at its standard, undiscounted rates, and the aggregate amount that [Chugh] paid to [LexisNexis] under the Agreement during the Addendum period."[9]

---

[8] *See*, Bridge Addendum, ¶ 2.(b).
[9] *Id.*, ¶ 2.(c).

19. Notwithstanding the aforementioned, Chugh ceased making contractual monthly installment payments and subsequently defaulted on its obligations under the Agreement.

20. The Agreement commenced with access to LexisNexis research services on June 1, 2019, and included the Bridge Addendum in effect until August 31, 2020, which provided Chugh a ninety percent (90%) discount for the first fifteen (15) months of the Agreement's committed term.

21. During the period of June 1, 2019 through August 31, 2020, LexisNexis provided subscription services as contractually agreed, and Chugh rendered the monthly installment payments contemplated by the Agreement at the discounted promotional rate.

22. After the promotional period expired at the end of August 2020, and the monthly installment payments were to increase to $6,136.00 commencing September 1, 2020, Chugh conveniently ceased making contractually obligated payments. A true and accurate copy of the Statement of Account delineating past due amounts as of January 15, 2021 is attached hereto as **Exhibit 1** and fully incorporated herein by reference.

23. In October 2020, Chugh made a request to terminate the non-cancelable Agreement. Notwithstanding the fact that during the Bridge Addendum period, Chugh had 35 unique users who used LexisNexis research in the full value of $563,194.00, at a cost to Chugh of $9,643.36 during the promotional period.

24. The Agreement states that Chugh's monthly commitment of $6,136.00 commences on September 1, 2020, and concludes on August 31, 2023.[10] This unpaid portion of Chugh's contract totals $220,896.

---

[10] *Id.*, ¶ 3.3, LPA 3.1, Lexis for Microsoft® Office Lexis Advance® Edition Addendum, 4.1.

25. Since the inception of the Agreement in June 2019, no one on behalf of Chugh had expressed any concerns or indicated any issues with the services offered pursuant to the Agreement.

26. The reasons proffered by Chugh indicate that Chugh failed to articulate a legitimate breach of the parties' Agreement, much less any viable justification for the Agreement's termination.

27. LexisNexis made numerous attempts to coordinate with Chugh regarding payment of its outstanding balance; however, Chugh was insistent on seeking to cancel since the day its highly discounted promotional Bridge Addendum rate expired. Chugh is under contract until 2023.

28. LexisNexis issued a formal demand to Chugh on December 2, 2020. A true and accurate copy is attached hereto as **Exhibit 2** and fully incorporated herein by reference.

29. As a result of Chugh's failure to pay, Chugh owes LexisNexis payment for research services, costs, expenses, and interest, and all available damages as specified in the Agreement and as available under applicable law.

30. After accounting for payments, credits, and all lawful setoffs, Chugh owes LexisNexis a principal balance of $784,090.64.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract Against Chugh, LLP)

31. LexisNexis hereby incorporates each and every allegation of Paragraphs 1-30 of this Complaint as though fully set forth herein.

32. On or about December 31, 2018 Chugh contracted with LexisNexis by entering into the Agreement and the Bridge Addendum.

33. As set forth above, pursuant to the Agreement and the Bridge Addendum, Chugh agreed to pay LexisNexis for the services it received.

34. Chugh accepted LexisNexis's services provided.

35. LexisNexis submitted invoices and other proof of services used by the Chugh in order to secure payment for the services provided.

36. LexisNexis fully performed its duties under the Agreement by providing the requested services.

37. All other conditions precedent to LexisNexis's claim for relief have been performed, have occurred, or have been waived.

38. Despite multiple demands, Chugh has failed to pay LexisNexis in full for the services provided, and as a result, Chugh has breached the Agreement and the Bridge Addendum.

39. Pursuant to Section 7.6 of the Agreement, LexisNexis inactivated Chugh's service on January 15, 2021, after Chugh had become delinquent for 75 days.

40. Because of the non-payment by Chugh, LexisNexis has suffered actual damages in the full principal amount of $784,090.64 plus applicable interest as specified in the Agreement and as available under applicable law.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment Against Chugh, LLP)

41. LexisNexis hereby incorporates each and every allegation of Paragraphs 1-40 of this Complaint as though fully set forth herein.

42. In the alternative to the claim for breach of contract, Chugh is liable to LexisNexis for unjust enrichment.

43. At all relevant times herein, LexisNexis conferred a benefit on Chugh in the form of valuable services – in particular, the provision of research services and access to LexisNexis's database, to Chugh.

44. Chugh was aware of and voluntarily accepted, retained, and appreciated the benefit of the services that LexisNexis provided.

45. LexisNexis enriched Chugh by providing these services.

46. Chugh understood that LexisNexis expected payment for the subscription services provided, which is further evidenced by the fact that Chugh previously paid

LexisNexis for the services that LexisNexis provided for approximately fifteen (15) months.

47. Chugh's retention of benefits conferred under these circumstances violates fundamental principles of justice, equity, and good conscience; these circumstances render Chugh's acceptance of the benefit inequitable unless Chugh pays LexisNexis for the value of the benefits it received.

48. The value of the unreimbursed services that LexisNexis rendered to Chugh is $563,194.60, plus interest, as available under applicable law.

49. Chugh has not paid the amount owed for services provided by LexisNexis and, therefore, continues to owe LexisNexis for the reasonable value of the unreimbursed services.

### THIRD CLAIM FOR RELIEF

### (Reasonable Value of Services Rendered Against Chugh, LLP)

50. LexisNexis hereby incorporates each and every allegation of Paragraphs 1-49 of this Complaint as though fully set forth herein.

51. In the alternative to the claim for breach of contract, within the two years past, Chugh became indebted to LexisNexis in the amount of $563,194.60, for the reasonable value of services rendered.

52. No part of this amount has been paid, and there is now due, owing, and unpaid from Chugh to LexisNexis the amount of $563,194.60.

53. Chugh was aware of and voluntarily accepted, retained, and appreciated the benefit of the services that LexisNexis provided.

54. LexisNexis enriched Chugh by providing these services.

55. Chugh understood that LexisNexis expected payment for the subscription services provided, which is further evidenced by the fact that Chugh previously paid LexisNexis for the services that LexisNexis provided for approximately fifteen (15) months.

56. Chugh's retention of benefits conferred under these circumstances

violates fundamental principles of justice, equity, and good conscience; these circumstances render Chugh's acceptance of the benefit inequitable unless Chugh pays LexisNexis for the value of the benefits it received.

57. The reasonable value of the unreimbursed services that LexisNexis rendered to Chugh is $563,194.60, plus interest, as available under applicable law.

58. Chugh has not paid the amount owed for services provided by LexisNexis and, therefore, continues to owe LexisNexis for unreimbursed services.

## PRAYER FOR RELIEF

LexisNexis prays for judgment against Chugh, LLP as follows:

1. On the First Claim for Relief, for Breach of Contract, for contractual damages in the amount of $784,090.64, plus interest and costs in an amount to be determined at trial;

2. On the First Claim for Relief, for Breach of Contract, for all direct, indirect, and consequential damages;

3. On the Second Claim for Relief, for Unjust Enrichment, and in the alternative to the First Claim for Relief for Breach of Contract, the amount of $563,194.60, which constitutes the reasonable value for services rendered plus interest in an amount to be determined at trial;

4. On the Third Claim for Relief, for Unjust Enrichment, and in the alternative to the First Claim of Relief for Breach of Contract, for the amount of $563,194.60, which constitutes the reasonable value for services rendered plus interest in an amount to be determined at trial;

5. On all claims for relief, for expenses and costs of suit; and

6. On all claims for relief, for such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff LexisNexis hereby demands a trial by jury.

Dated: February 16, 2021

SHOOK, HARDY & BACON L.L.P.

*/s/ Robert E. Feyder*
Robert E. Feyder

Attorneys for Plaintiff
LEXISNEXIS